IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ADAM W. LEVAN and<br>DARYL W. SIMS<br><br>Plaintiffs<br><br>vs.<br><br>SEARS, ROEBUCK & CO.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.: _____<br>)<br>)<br>)<br>) |

## COMPLAINT

Come the Plaintiffs, Adam W. LeVan and Daryl W. Sims, and sue the Defendant, Sears, Roebuck & Co., and respectfully show this Honorable Court as follows:

### I. PRELIMINARY STATEMENT

1. This action arises from Defendant's failure to properly compensate the Plaintiffs in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (hereinafter, the "FLSA"); the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304 *et. seq.*, (hereinafter the "TPPA") and, Tennessee common law prohibiting retaliatory discharge.

### II. JURISDICTION

2. The matter in controversy involves questions of federal law, giving Court original jurisdiction of this action pursuant to the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

Page 1

3. The matter in controversy is further between parties who are citizens of different States, and the amount in controversy is in excess of $75,000 exclusive of interest and costs, thereby giving this Court original diversity jurisdiction of this action pursuant to the provisions of 28 U.S.C. § 1332.

4. The matter in controversy also involves ancillary claims that form part of the same case or controversy as that claim which is within the original jurisdiction of the Court. This Court has supplemental jurisdiction of such ancillary claims pursuant to the provisions of 28 U.S.C. §1367.

5. Plaintiffs were employed by Sears, Roebuck and Co. at one of its Knoxville, Tennessee locations. Venue is therefore proper in this District Court pursuant to 28 U.S.C. § 1391.

### III. PARTIES

6. Plaintiff LeVan is a citizen and resident of Blount County, State of Tennessee.

7. Plaintiff Sims is a citizen and resident of Blount County, State of Tennessee.

8. Defendant Sears, Roebuck & Co. is a foreign corporation duly organized and existing under the laws of the State of New York; maintains its principal place of business in Hoffman Estates, Illinois; and, is duly qualified to transact business in the State of Tennessee.

9. Defendant may be served through its agent for service of process at CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929.

10. The Plaintiffs reserve the right to amend this Complaint with leave of court to name and/or substitute as defendants any other legal entities which may later be discovered to be responsible for the wrongful conduct alleged herein.

## IV. FACTS

11. Plaintiff LeVan was originally employed by Sears, Roebuck & Co. in Tennessee and later in the state of Florida during the period of November of 2008 until early 2011. He then transferred to Knoxville and was employed at Sears, Roebuck & Co. at West Town Mall until his termination on or about July 27, 2011.

12. Plaintiff Sims was employed by Sears, Roebuck & Co. in Knoxville at West Town Mall from February, 2007 until his termination on or about August 14, 2011.

13. Both Plaintiffs were employed as full-time, commission-only appliance salespersons in the Appliance Department.

14. During Plaintiff LeVan's previous employment by Defendant in Florida, he was paid for hours worked over two hours in which he was performing non-sales duties, such as setting up pricing displays. He was also paid an hourly rate to attend training or meetings.

15. Plaintiff LeVan was surprised that he was not being paid for non-sales duties at his new location, but yet was expected to provide all such additional work to Defendant on an unpaid basis.

16. In summer, 2011, Melissa Brabson, Assistant Manager, informed Plaintiff LeVan that the store intended to use commission-only salespeople more than two hours per week for non-sales duties because of budgetary constraints. They were now going to be expected to move more appliances and perform other manual labor duties during hours that they were supposed to be selling appliances, as well as before and after the store opened.

17. Plaintiff LeVan believed that this practice was illegal. He reviewed the Sears, Roebuck & Co. Policy Manual and found that store policy did, in fact, mandate payment for hours

over two per week which were worked performing non-sales duties. It also mandated payment for hours spent in training or attending meetings. He brought this Policy Manual information to the attention to Ms. Brabson.

18. The Store Manager, Tim Lockhart, was on vacation at the time. When he returned from vacation, he was upset about the complaint LeVan had made to Ms. Brabson about working unpaid hours and LeVan showing Brabson the Sears, Roebuck & Co. Policy Manual.

19. The next day, Manager Lockhart angrily told employees Scott Atchley and Joyce Hill that he understood that Plaintiff LeVan had made a complaint, that employees were complaining about working without pay at various times and that he was upset about the situation. He said, "Sears is hiring all the time, we can hire new employees." The employees reported this conversation to Plaintiff and stated that they felt Manager Lockhart was threatening the jobs of employees who complained.

20. Plaintiffs Sims and LeVan, were very concerned about Lockhart's threats. Plaintiff Sims called the Sears Ethics Hotline on June 16, 2011 to report the improper pay practices and Store Manager Lockhart's threats. Plaintiff Sims gave his name.

21. On or around June 16, 2011, Plaintiff LeVan also called in a report about illegal pay practices and Lockhart's threats. Plaintiff LeVan chose to remain anonymous.

22. Both Plaintiffs were promised anonymity and an investigation by the hotline personnel.

23. Plaintiff Sims was interviewed on June 28, 2011 at the company "Brandfest" training, in a room filled with other employees, including Store Manager Lockhart and Assistant Manager Brabson.

24. Store Manager Lockhart told Plaintiff Sims more than once that he knew that Sims had called the Ethics Hotline. Store Manager Lockhart also told Sims that he, Lockhart, had not received his incentive pay in year 2010 and knew he would now not get incentive pay in year 2011, either.

25. In approximately the third week of July, 2011, Plaintiff Sims was told by District Manager Kevin Dornfield that his investigation was complete and was being sent to the corporate Human Resources Office.

26. On or about July 27, 2011, Plaintiff LeVan was fired for ringing up a sale at the cash register for an employee who was using his discount for his parents to purchase an item. Plaintiff LeVan had previously been informed in Florida that this was a proper use for an employee discount.

27. On or about August 13, 2011, Plaintiff Sims was fired for coming in later than his scheduled time and writing an earlier, erroneous time on his timecard. Plaintiff Sims was not paid by the hour and so Sears, Roebuck & Co. was not paying anything for Plaintiff's tardiness. Moreover, other employees commonly did the same thing and were not fired.

28. Sears, Roebuck & Co. employees admitted they went back over the store surveillance tapes for an extended period to locate Sims' tardiness.

29. Upon information and belief, Plaintiffs were fired in retaliation for reporting violations of federal wage laws.

## V.  CAUSES OF ACTION

30. Paragraphs 1 through 29 are hereby realleged and incorporated in full by reference as if fully set forth herein.

A.  **FAIR LABOR STANDARDS ACT**

31. At all times hereinafter mentioned, Defendant, having employees engaged in commerce or in the production of goods for commerce, or employees handling, receiving, selling or otherwise working on goods or materials that have been moved in or produced for commerce, therefore constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(r) and (s) of the FLSA, 29 U.S.C. § 203(r) and (s).

32. Plaintiffs were employed by Defendant as employees within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

33. As a direct and proximate result of the failure of Defendant to pay Plaintiffs for hours worked performing manual labor, updating pricing information, and for attending training and/or meetings, Defendant is indebted to Plaintiffs in an unknown amount.

34. Plaintiffs were retaliated against in violation of 29 U.S.C. § 215 (a)(3) by their firing after reporting violations of federal wage law to the Sears Ethics Hotline. Plaintiff Sims was also retaliated against for his cooperation in the investigation by District Manager Dornfield.

35. Plaintiffs hereby consent to being named as party Plaintiffs to this Action.

B.  **TENNESSEE PUBLIC PROTECTION ACT**

36. Based on the foregoing facts, Defendant has violated the TPPA by firing Plaintiffs for their refusal to participate in, or to remain silent regarding their exercise of protected rights and for their complaints as set forth herein.

C.  **COMMON LAW RETALIATORY DISCHARGE**

37. Based on the foregoing facts, Defendant discharged Plaintiffs, at-will employees, in violation of Tennessee common law prohibiting retaliatory discharge. Upon information and belief,

a substantial factor in Defendant's decision to discharge Plaintiffs was their exercise of protected rights and their complaints as set forth herein.

## VII. DAMAGES

38. Paragraphs 1 through 37 are hereby realleged and incorporated in full by reference as if fully set forth herein.

39. As a direct and proximate result of each and every of the foregoing acts, conduct, and violations of statutory law by the Defendant as alleged herein, Plaintiffs have suffered damages in an amount according to proof, including but not limited to, lost wages, lost benefits, lost interest on wages and benefits, inconvenience, embarrassment and humiliation, loss of lifetime earning capacity, and other incidental and consequential damages and expenses.

40. Upon information and belief, the wrongful acts and retaliation of Defendant alleged herein in violation of the applicable law were intentional and/or were done with knowing and/or reckless disregard of the Plaintiffs' rights and the law of Tennessee. Plaintiffs are therefore entitled to and seek an award of punitive damages in an amount according to proof under applicable Tennessee law.

41. Upon information and belief, the failure of the Defendant to comply with the FLSA as alleged herein was wilful, and further the Defendant knew or should have known that its conduct was prohibited by the FLSA. Plaintiffs are therefore entitled to liquidated damages pursuant to 29 U.S.C. § 216(b).

42. Plaintiffs are further entitled to their reasonable attorney's fees and costs pursuant to the provisions of the FLSA, 29 U.S.C. § 216(b) and pursuant to the TPPA.

43. Plaintiffs further seek an award of additional funds to compensate them for the adverse tax consequences which they will suffer due to the Defendant's illegal acts preventing them from receiving income and paying taxes on same in a timely fashion over a multiple year period.

44. Plaintiffs further seek pre- and post-judgment interest.

45. Plaintiffs request a jury to decide all issues properly triable by jury.

## VIII.  PRAYER FOR RELIEF

46. Paragraphs 1 through 45 are hereby realleged and incorporated in full by reference as if fully set forth herein.

47. As a result of the conduct and actions of the Defendant herein alleged, Plaintiffs have no effective, adequate, or complete remedy at law, because Defendant continues to engage in the wrongful practices alleged herein.  Therefore, Plaintiffs pray:

    A.    That the Court assume jurisdiction of this action and that process issue;

    B.    That a permanent injunction be issued enjoining Defendant, and its agents, employees, officers, and successors in interest, and those acting in concert with it, from engaging in the illegal and unlawful policies and practices described herein;

    C.    That Plaintiffs be reinstated to their former position, or ones comparable;

    D.    That Plaintiffs be awarded damages in such amount as may be determined by a jury, including but not limited to damages for lost wages, lost benefits, lost interest on wages and benefits, inconvenience, embarrassment and humiliation, loss of lifetime earning capacity, additional funds to compensate them for adverse tax consequences, and other incidental and consequential damages and expenses;

    E.    That Plaintiffs be awarded punitive damages under applicable law;

F.  For pre- and post-judgment interest;

G.  For attorneys' fees and costs as cited herein; and,

H.  For such other and further relief which the Court deems just and proper.

48. **PLAINTIFFS RESPECTFULLY DEMAND A TRIAL BY JURY.**

Respectfully submitted this 5th day of December, 2011.

/s/ Katherine A. Young
Katherine A. Young, BPR No. 17178

YOUNG LAW OFFICE, P.C.
6700 Baum Drive, Suite 7
Knoxville, Tennessee 37919
Telephone (865) 474-1284

Attorney for Plaintiff